**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Clark Edwin Nisbet, Jr.,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-01867-PHX-DJH

**ORDER**

Plaintiff Clark Edwin Nisbet, Jr. ("Plaintiff") seeks this Court's review of the Social Security Administration ("SSA") Commissioner's (the "Commissioner") denial of his application for disability insurance benefits. (Doc. 7). The matter is fully briefed. (Docs. 9, 10). Having reviewed the briefs and the Administrative Record (Docs. 6-1–6-10, "AR.") and for the reasons set out below, the Court concludes that this matter shall be remanded for further proceedings.

## I. Procedural Background

On May 13, 2021, Plaintiff filed an application for disability insurance benefits, alleging a disability onset of January 19, 2021. (AR. 16). Plaintiff's claim was first denied on November 17, 2021, then again upon reconsideration on May 31, 2023. (*Id.*) After these denials, Plaintiff filed a request for a hearing, which was granted, and a telephonic hearing was held before the ALJ on March 18, 2024. (*Id.*) The ALJ declined to admit two sources of additional written evidence received from Plaintiff in an undated letter and

considered the record closed at the time of hearing.[1] (*Id.*) Following the hearing, the ALJ issued his decision, determining that Plaintiff was not disabled on May 22, 2024. (*Id.* at 32).

The Appeals Council denied Plaintiff's request for review on March 26, 2025, causing the ALJ's May 22, 2024 to be adopted as a final agency decision. (*Id.* at 1). Upon receipt of this denial, Plaintiff filed the present action, seeking Court review, on May 29, 2025. (*See* Doc. 1).

**II. The ALJ's Decision**

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth step, where they determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, then the claimant is disabled. *Id.*

Here, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since January 19, 2021, the alleged onset date. (AR. 19). Second, the ALJ determined that Plaintiff suffered from severe impairments in the form of "degenerative disc disease of the lumbar spine; scoliosis; mild to moderate degenerative changes of the

[1] The Court notes this evidentiary issue for completeness's sake only. Plaintiff does not raise issue with any excluded evidence. (*See generally* Doc. 7).

knees; and positional vertigo." (*Id.*) And at the third step, the ALJ concluded that Plaintiff does not have an impairment or a combination of impairments that met or medically equaled an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. (*Id.* at 20).

At step four, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except he could lift and carry 20 pounds occasionally and ten pounds frequently; could stand and/or walk for six hours in an eight-hour workday; and could sit for six hours in an eight-hour workday. The claimant should never climb ropes, ladders, or scaffolds, but could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to unprotected heights." (*Id.* at 22). Fifth and finally, Plaintiff was found to be capable of performing past relevant work as a laboratory supervisor. (*Id.* at 30). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff was not precluded from performing past relevant work, and therefore Plaintiff did not meet his burden to show that his impairments prevented him from doing such work. (*Id.* at 31). As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.* at 32).

## II. Standard of Review

In considering whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*

To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Orn*, 495 F.3d at 630. The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ is responsible for resolving conflicts,

addressing ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.* at 954 (citations omitted).

## III. Discussion

Plaintiff contends the ALJ erred in rendering his decision because the ALJ improperly evaluated the opinions of two doctors. The Court will address the ALJ's assessment of the identified doctors' opinions and, if necessary, whether any error was harmless.

### A. Medical Opinions

Plaintiff argues that the ALJ did not properly consider the medical opinions of Dr. Martin Hoffman and Dr. Patrick O'Brien. (Doc. 7 at 5–9). In particular, Plaintiff states that the ALJ did not properly evaluate the supportability factor with respect to either doctor's opinion and failed to back his opinions with substantial evidence. (*See id.*). The Commissioner disagrees, arguing that the ALJ reasonably concluded that the medical opinions were not consistent with or supported by evidence from the relevant time period. (*See* Doc. 9 at 3–8).

An ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source" and "explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)). The SSA regulations provide that the most important factors to consider when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a). Supportability refers to

"the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.' " *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency refers to "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

*Woods* makes clear that to properly reject a medical opinion under the substantial evidence standard, the ALJ "must articulate how persuasive it finds all the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id.* (quoting 20 C.F.R. § 404.1520c(b)).

**1. Dr. Hoffman**

Plaintiff, first, argues that the ALJ failed to give reasons based on supportability for his rejection of Dr. Hoffman's opinion. (Doc. 7 at 5–7). The Commissioner maintains that the ALJ reasonably discredited Dr. Hoffman's opinion on the basis of its supportability and consistency. (Doc. 9 at 3–6).

Dr. Hoffman was an insurance provided physician, who reviewed Plaintiff's medical evidence, and opined that Plaintiff had "functional limitations in the sedentary exertional range[.]" (AR. 29). In review of Dr. Hoffman's opinion, the ALJ stated:

> The undersigned has thoroughly considered this opinion evidence and found they were not supported by or consistent with the medical evidence of record, much of which has been discussed in detail elsewhere in this decision. Most examinations of record revealed minimal to no tenderness of the lumbar spine, decreased yet functional range of motion of the knees, normal gait, intact motor strength throughout, and no neurological deficits. There was no evidence of muscle or joint instability or chronic imbalance. Surgery has not been recommended for either his back or to his knees. The preponderance of the medical record as a whole supported a conclusion the claimant was not as severely limited. Given the supportability and consistency of the opined limitations were not fully consistent with the medical evidence of record, the undersigned found the claimant was capable of performing work-related activities at the light exertional level and within the residual functional capacity determined in this decision.

(*Id.*)

Based on the above assessment by the ALJ, the Court concludes that the ALJ failed to consider the supportability factor. Although unhelpfully lacking record citations, the ALJ provided a detailed explanation as to how Dr. Hoffman's opinion was inconsistent with other medical evidence in the record, satisfying his obligations as to the consistency factor. (*See id.*). Nonetheless, " '[s]upportability' and 'consistency' are two distinct factors, and the ALJ must evaluate them as such." *Amy S. v. Comm'r of Soc. Sec.*, 2023 WL 2535224, at *1 (W.D. Wash. 2023). *See also* 20 C.F.R. § 416.920c(b)(2) (indicating an ALJ must address both the supportability and consistency factors). Unlike consistency, "[s]upportability…looks inward and focuses on the extent to which a physician supports his or her opinion or prior findings with relevant medical evidence." *Coburn v. King*, 2025 WL 4287453, at *5 (D. Hawai'i 2025). The ALJ's finding does not explain how it considered the medical evidence on which Dr. Hoffman based his opinion, and therefore his determination was not supported by substantial evidence as to the supportability factor.

The Commissioner argues that the ALJ reasonably concluded that Dr. Hoffman's opinion was "not supported." (Doc. 9 at 4; *see also id.* at 5). But the ALJ stated that the opinion was "not supported by…medical evidence of record[.]" (AR. 29). And the Ninth Circuit explained in *Woods* that such a finding is not a "supportability finding," rather one of consistency. 32 F.4th at 793 n.4 (further noting that "ALJs should endeavor to use these two terms of art—'consistent' and 'supported'—with precision").

The Commissioner also states that "as the ALJ observed, Dr. Hoffman provided no explanation or citation to objective medical findings to support the assessment that Plaintiff was limited to sedentary work." (Doc. 9 at 4). However, no such analysis appears in the ALJ's decision, so this claim as well as the Commissioner's other attempts to explain the ALJ's reasoning are unavailing. The Court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r. of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

In sum, the ALJ erred in his assessment of Dr. Hoffman's opinion because he failed

to properly address the supportability factor. *See Wheeler v. Kijakazi*, 2023 WL 4146215, at *3 (E.D. Cal. 2023) ("[T]he ALJ failed to properly address the supportability factor under the new regulations, and remand is appropriate on these grounds."); *E.S. v. Kijakazi*, 2022 WL 4292333, at *12 (N.D. Cal. 2022) ("Such conflation of the supportability and consistency factors rendered the ALJ's analysis insufficient under the revised articulation requirements.").

**2. Dr. O'Brien**

Plaintiff raises the same argument about the supportability factor with respect to Dr. O'Brien's opinion. next contends that the opinion of Dr. Garrett was not properly considered. (*See* Doc. 7 at 7–9). And the Commissioner maintains that the ALJ's reasonably concluded that Dr. O'Brien's opinion was of little probative value. (Doc. 9 at 6–8).

Dr. O'Brien is a physical therapist, who also provided functional capacity evaluation for Plaintiff's private insurance. (AR. 29). His opinion was submitted to the ALJ, and the ALJ's discussion of the opinion reads as follows:

> In connection with the claimant's private insurance and claim for long term disability, a functional capacity evaluation and clinical medical reviews appeared in the record (Exhibit 15F, pages 17-20, 22-27, 87-92, 199-208, 374-383). The undersigned has considered this evidence, but finds most of the limitations to be of limited probative value and minimally persuasive. Of significance, symptom magnification was noted during the April of 2021 functional capacity evaluation, with the claimant reporting elevated pain scores and self-limiting behaviors.

(*Id.*) The ALJ then proceeded into the same explanation as previously provided. (*See id.*).

While the ALJ provided added detail about some of the substance of Dr. O'Brien's opinion, he still does not discuss the medical evidence on which Dr. O'Brien's opinion relies. Consequently, for the same reasons as stated above, the ALJ failed to properly address the supportability factor as to Dr. O'Brien's opinion. *Trombetta v. Bisignano*, 2025 WL 2989270, at *5 (D. Hawai'i 2025) ("A mere assertion that opinions are not well supported—and certainly a failure to say even that much—is insufficient to satisfy an ALJ's obligation to explain how she has analyzed the supportability of a medical

opinion.”).

### C. Harmless Error

An ALJ decision will not be reversed for errors that are harmless. *Stout v. Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)). However, a reviewing court cannot consider an error harmless “unless it can confidently conclude that no reasonable ALJ … could have reached a different disability determination.” *Id.* at 1056. In other words, legal errors are harmless only if they are inconsequential to the non-disability decision. *Id.* at 1055.

Here, the Court is unable to conclude that the ALJ’s failure to state legally sufficient reasons for discounting Dr. Hoofman or O’Brien’s medical opinions was harmless. The ALJ’s RFC determination necessarily relied on the ALJ’s rejection of the doctors’ opinions. Moreover, the failure to consider factors as required by regulations has been determined to be reversible error. *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017). In consequence, the ALJ’s errors were not harmless and require remand.[2] *E.E. v. Kijakazi*, 2022 WL 2954331, at *10 (N.D. Cal. 2022) (deciding that an ALJ’s failure to address supportability was an error warranting remand).

Accordingly,

**IT IS ORDERED** that Administrative Law Judge’s May 22, 2024 decision is reversed and remanded for additional proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 15th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge

[2] Plaintiff only asks the Court to remand for further proceedings, as opposed to requesting an award of benefits. (*See* Doc. 7 at 10). So, there are no further considerations before the Court.